Case: 4:25−cv−11987
Assigned To : Behm, F. Kay
Referral Judge: Grand, David R.
Assign. Date : 6/30/2025
Description: CMP JANE DOE V
JOHN DOE INC (SS)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Jane Doe,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>John Doe, Incorporated,<br>　　　　　　　　Defendant. | Civil Action No.: _____<br><br>HON. _____<br><br>**VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

Plaintiff, *pro se*, states the following for her Verified Complaint For Declaratory Judgment and Injunctive Relief against Defendant:

## I.　PARTIES

1. Plaintiff is an individual and former employee of Defendant, and Plaintiff resides in the Eastern District of Michigan.

2. Defendant is an entity doing business in Michigan, and Defendant maintains its principal place of business in the Eastern District of Michigan.

## II.　JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §2201 (Declaratory Judgment Act), as this action concerns Plaintiff's rights to preserve evidence related to Plaintiff's causes of action against Defendant, including federal civil rights claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981,

1 | P a g e

and other applicable statutes, including, without limitation, the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101, *et seq.*).

4. Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the relief sough and Plaintiff's causes of action occurred within this judicial district. In addition, Defendant resides and conducts business in this district.

### III.   FACTUAL ALLEGATIONS

5. Plaintiff was employed as an executive-level in-house counsel by Defendant and, in the course of her employment, Plaintiff was issued a Dell laptop computer ("***Laptop***") and a Remarkable tablet ("***Tablet***," together with the Laptop, "***Equipment***"). Plaintiff was wrongfully terminated in late April 2025, and since that time, Plaintiff's employment counsel and Defendant, through its legal counsel and other representatives, have been engaged in negotiations, including settlement discussions subject to FED. R. EVID. 408 and also non-F.R.E. 408 communications about the logistics of the separation, including handling company property properly and necessarily in the lawful possession of Plaintiff ("***Discussions***").

6. Plaintiff has instituted this proceeding using pseudonyms for both parties in order to adhere to the absolute obligations of both parties to preserve any and all documents and evidence that exists solely on the Equipment that prevent independent preservation by Plaintiff according to her legal obligations and in a manner preserved for administrative and legal proceedings as may be necessary in these matters.

7. Given the special attorney-client privileges and the possibility of resolution of her

matter even as an impasse occurred yesterday afternoon (when outside counsel for Defendant advised Plaintiff's employment counsel to turn the locked devices over to Defendant's outside counsel, who is supposedly to be "trusted"), Plaintiff's secondary purpose of instituting this proceeding is to facilitate continuation of the parties' Discussions, which, as of the date hereof, have remained confidential.

8. For the same reason, Plaintiff also intends to seek permission from the Court to seal any documents that may require the names or identifying details of the parties to be disclosed, preserving confidentiality of the legal subject-matter within the Equipment some of which is privileged.

9. Continuation of the Discussions between the parties and their respective representatives is in the interests of judicial efficiency, because in the event parties reach a pre-litigation settlement, no legal proceeding need be commenced before the Court. Protecting the Equipment through the use of an independent third-party expert as contemplated herein will also facilitate the continuation of the Discussions between the parties and ensure that evidence is not spoiled.

10. The Equipment contains one or more of the following types of material, depending on the Equipment: (a) files created and owned by Plaintiff; (b) files created by Plaintiff and in which Defendant may have an interest; (c) emails sent and received during the term of Plaintiff's employment; and meta data associated with all of the foregoing. The immediately foregoing Items 10(a) through and including 10(c) are referred to herein as, "***Materials***."

11. The Materials contain critical evidence relevant to (a) Plaintiff's ongoing severance

negotiations and civil rights claims, (b) Plaintiff's ability to irrefutably debunk Defendant's pretextual reason for Plaintiff's termination, including documents exposing facts in relation to several comparator employees still working for Defendant; (c) Plaintiff's ability to illustrate that Plaintiff's termination was wrongful, discriminatory, and retaliatory, and (d) Plaintiff's support for the causes of action Plaintiff has as against Defendant. Plaintiff is a New York-barred attorney, and the New York Rules of Professional Conduct, including Ethics Opinion No. 780 issued by the New York State Bar Association, allow Plaintiff to retain the Materials. Moreover, Fed. R. Civ. P. 37(e) (Failure to Preserve Electronically Stored Information) requires the parties to take reasonable steps to preserve the Materials.

12. The Materials are material to Plaintiff's ability to pursue claims for unlawful termination, discrimination, and/or retaliation, including anticipated administrative proceedings before the U.S. Equal Employment Opportunity Commission (EEOC), the Michigan Department of Civil Rights (MDCR), or both, and the likelihood of subsequent legal proceedings involving claims under Title VII, 42 U.S.C. §1981, or other civil rights statutes.

13. Due to Defendant's extraordinarily short email retention period (one year), some of the emails and documents on the Laptop are the only existing copies and are not preserved on any server, archive, or cloud system maintained by Defendant.

14. In an effort to preserve the Materials fairly and avoid claims of spoliation, Plaintiff, through her employment counsel, proposed a mutual and neutral preservation protocol: that the parties jointly engage a forensic information technology expert to

image and preserve the Equipment's contents, including the Materials.

15. Defendant refused this reasonable request and instead, on June 18, 2025, threatened Plaintiff, in writing, with a lawsuit for conversion unless she surrendered the Equipment immediately. Then, again, on June 23, 2025, at 4:07 p.m., during a telephonic conversation, Defendant's legal counsel told Plaintiff's employment counsel that Plaintiff and Plaintiff's counsel should send the Equipment to Defendant's legal counsel, because Plaintiff should "trust us."

16. All-the-while, Defendant has not confirmed the date of, or the actual, issuance of the legal/litigation holds requested through Plaintiff's employment counsel; and Defendant has not provided any preservation plan or chain of custody protocol in the event Plaintiff were to provide the Equipment to Defendant or Defendant's legal counsel.

17. Plaintiff has a good-faith belief that if Defendant regains control over the Equipment without a preservation protocol and confirmed legal/litigation hold in place, spoliation of key evidence is highly likely or imminent, thereby undermining Plaintiff's rights to pursue her legal claims, including Plaintiff's ability to illustrate Defendant's pretextual reason for Plaintiff's wrongful termination. For example, unless special programming is put in place prior to connecting the Laptop to the Corporation's system, all emails dated more than one-year prior to the date on which the Laptop is connected to the Corporation's system will be automatically deleted and forever lost.

18. Plaintiff can more substantiate the source of her good-faith belief from documents stored within the Equipment itself, dating over two years, 2024 and 2025, including

by way of a *in camera* presentation before the Court at the request or direction of the Court. Acknowledging the risk of redundancy here, Plaintiff can provide illustrative examples of why preservation of the Materials on the Equipment by an independent third-party information technology expert is absolutely critical.

19. Defendant's threat and refusal to cooperate have created an actual and justiciable controversy over the respective rights of the parties with respect to the Equipment and its contents.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm if the Equipment's contents are lost, deleted, altered, or otherwise rendered inaccessible.

## COUNT I: DECLARATORY RELIEF
### (28 U.S.C. §§2201, 2202)

21. Plaintiff incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. An actual, present, and substantial controversy exists between Plaintiff and Defendant concerning their respective rights to access, preserve, and manage the information stored on the Equipment, including the Laptop.

23. Pursuant to the Declaratory Judgment Act, Plaintiff seeks a declaration that:

   a. Plaintiff has the right to preserve and access the contents of the Equipment during and after the severance negotiations and pending resolution of any legal claims;

   b. Plaintiff's proposal to use a mutually agreed-upon forensic expert to image and preserve the Equipment's contents is a reasonable and legally sound resolution;

   c. Defendant may not unilaterally demand surrender of the Equipment or pursue

conversion under these circumstances, particularly given the need to preserve evidence.

## COUNT II: INJUNCTIVE RELIEF
### (Fed. R. Civ. P. 65)

24. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff is entitled to immediate injunctive relief to prevent Defendant (or any of its representatives or other agents) from:

    a. taking physical possession of the Equipment without judicial oversight and preservation measures;

    b. deleting, altering, or accessing the contents of the Equipment;

    c. interfering with Plaintiff's reasonable efforts to protect potentially shared and evidentiary information on the Equipment.

26. Plaintiff has proposed a reasonable, narrowly tailored preservation solution that protects both parties' interests.

27. Without injunctive relief, Plaintiff will suffer irreparable harm in the form of the loss of access to legally significant evidence and the impairment of her ability to pursue valid legal claims.

28. The balance of equities favors Plaintiff, and an injunction is in the public interest, because it preserves access to evidence and discourages unilateral threats of legal action in response to good faith negotiations.

## PRAYER FOR RELIEF

WHEREFORE, as per the Proposed Orders and Stipulated Forensic Preservation Protocol accompanying her Motion, Plaintiff respectfully requests that this Court:

A. Declare that Plaintiff has the right to preserve the contents of the Equipment, including the Materials, pending resolution of ongoing settlement negotiations and Plaintiff's related causes of action against Defendant under federal and state statutes;

B. Declare that Plaintiff's proposal to use a mutually agreed upon, neutral, third-party information technology forensic expert ("*Expert*") for data preservation is a fair and equitable method of resolving any dispute over access or control to the Equipment, including the Materials;

C. Issue a Temporary Restraining Order and/or Preliminary Injunction pursuant to FED. R. CIV. P. 65 enjoining:

  a. Defendant from taking possession of the Equipment,

  b. Defendant from (i) threatening Plaintiff with, or (ii) actually pursuing against Plaintiff, litigation for conversion or otherwise in respect of the Equipment and the Materials;

D. Direct the parties to agree upon an Expert to image and preserve the Equipment and the Materials under judicial supervision, at the cost and expense of Defendant;

E. Award Plaintiff her costs and attorneys' fees and filing fees as permitted by law in connection with this Verified Complaint and the related proceedings and filings; and

Case 4:25-cv-11987-FKB-DRG   ECF No. 1, PageID.9   Filed 06/30/25   Page 9 of 10

9 | P a g e

F.  Grant such other relief as the Court deems equitable, just and appropriate.

**RESPECTFULLY SUBMITTED,**

*/s/ Jane Doe*

Jane Doe, *Pro Se*
1221 Bowers Street
P.O. Box 125
Birmingham, Michigan 48012-9998

Dated: Monday, June 30, 2025
Detroit, Michigan

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Jane Doe,** <br><br> Plaintiff, <br><br> v. <br><br> **John Doe, Incorporated,** <br><br> Defendant. | Civil Action No.: _____ <br><br> HON. _____ <br><br> **DECLARATION OF JANE DOE UNDER 28 U.S.C. §1746 IN RESPECT OF THE VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF** |

I, Jane Doe, do hereby declare under penalty of perjury under the laws of the United States of America that the statements made in the Verified Complaint for Declaratory Judgment and Injunctive Relief to which this Declaration is attached are true and correct.

Dated: Monday, June 30, 2025
Detroit, Michigan

Signature

*/s/ Jane Doe*

Jane Doe, *Pro Se*
1221 Bowers Street
P.O. Box 125
Birmingham, Michigan
48012-9998