UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Jane Doe,<br>    Plaintiff,<br><br>v.<br><br>John Doe, Incorporated,<br>    Defendant. | Civil Action No.: _____<br><br>HON. _____<br><br>EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER PRESERVING EVIDENCE |

NOW COMES Plaintiff, by and through her undersigned counsel, and respectfully moves this Court pursuant to Fed. R. Civ. P. 65(b) for the entry of a Temporary Restraining Order and Order Preserving Evidence, and in support thereof states:

## I. INTRODUCTION

This action arises from an urgent and ongoing dispute concerning a certain Equipment, including the Laptop, in Plaintiff's possession that contains critical materials, including documents, emails, and other data that represent the only known source of key evidence relevant to:

- Plaintiff's ongoing settlement negotiations and other discussions with Defendant, including settlement discussions subject to FED. R. EVID. 408, and
- Anticipated civil rights claims under Title VII and other statutes.

Despite Plaintiff's good faith proposal to jointly preserve the contents of the Equipment through a mutually selected neutral, third-party information technology forensic expert,

Defendant has responded with a threat of litigation for conversion unless Plaintiff surrenders the Laptop immediately. Defendant has provided no details of its preservation protocols and has not confirmed the commencement (or the date thereof) of a legal hold within its organization, including with respect to certain automatic deletion protocols. Plaintiff fears imminent spoliation of evidence unless this Court intervenes. Plaintiff can more substantiate the source of her good-faith fear from documents stored within the Equipment itself, dating over two years, 2024 and 2025, including by way of an *in camera* presentation before the Court at the request or direction of the Court. Acknowledging the risk of redundancy here, Plaintiff can provide illustrative examples of why preservation of the Materials on the Equipment by an independent third-party information technology expert is absolutely critical.

## II.   STATEMENT OF THE FACTS

1. Plaintiff has filed a Verified Complaint for Declaratory Judgment and Injunctive Relief in this Court seeking declaratory and injunctive relief to avoid irreparable harm through the potential loss or manipulation of key evidence.

2. Plaintiff was issued certain Equipment, including the Laptop, by Defendant during her employment.

3. The Laptop contains one or more of the following types of material, depending on the Equipment: (a) files created and owned by Plaintiff; (b) files created by Plaintiff and in which Defendant may have an interest; (c) emails sent and received during the term of Plaintiff's employment; and meta data associated with all of the foregoing.

Items 3(a). through and including 3(c) are referred to herein as, "*Materials*."

4. The Materials contain critical evidence relevant to (a) Plaintiff's ongoing severance and settlement negotiations and anticipated civil rights claims, (b) Plaintiff's ability to irrefutably debunk Defendant's pretextual reason for Plaintiff's termination; (c) Plaintiff's ability to illustrate that Plaintiff's termination was wrongful, discriminatory, and retaliatory, and (d) Plaintiff's support for the causes of action Plaintiff has as against Defendant. Plaintiff is a New York-barred attorney, and the New York Rules of Professional Conduct, including Ethics Opinion No. 780 issued by the New York State Bar Association, allow Plaintiff to retain the Materials.

5. For example, the Materials are material to Plaintiff's ability to pursue claims for unlawful termination, discrimination, and/or retaliation, including anticipated administrative proceedings before the U.S. Equal Employment Opportunity Commission (EEOC), the Michigan Department of Civil Rights (MDCR), or both, and the likelihood of subsequent legal proceedings involving claims under Title VII, 42 U.S.C. § 1981, or other civil rights statutes.

6. Due to Defendant's extraordinarily short email retention period (one year), some of the emails and documents on the Laptop are the only existing copies and are not preserved on any server, archive, or cloud system maintained by Defendant.

7. In an effort to preserve the Materials fairly and avoid claims of spoliation, Plaintiff, through her employment counsel, proposed a mutual and neutral preservation protocol, ensuring fairness and data integrity: that the parties jointly engage an independent forensic information technology expert to image and preserve the

Equipment's contents, including the Materials.

8. Defendant refused this reasonable request and instead threatened Plaintiff with a lawsuit for conversion unless she surrendered the Equipment.

9. All-the-while, Defendant has not confirmed the date of, or the actual, issuance of the legal/litigation holds with respect to Defendant or any of its affiliates as requested through Plaintiff's employment counsel; and Defendant has not provided any preservation plan or chain of custody protocol in the event Plaintiff were to provide the Equipment to Defendant or Defendant's legal counsel.

10. Plaintiff has a good faith belief that if Defendant regains control over the Equipment without a preservation protocol and confirmed legal/litigation hold in place, spoliation of key evidence is highly likely or imminent, thereby undermining Plaintiff's rights to pursue her legal claims, including Plaintiff's ability to illustrate Defendant's pretextual reason for Plaintiff's wrongful termination.

### III.   LEGAL STANDARD

Under FED. R. CIV. P. 65(b), a Temporary Restraining Order may issue when:

- The movant, here Plaintiff, shows a likelihood of success on the merits;
- The movant will suffer irreparable harm in the absence of preliminary relief;
- The balance of equities favors the movant; and
- An injunction is in the public interest.

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007).

## IV.     ARGUMENT

### A.  Plaintiff Will Suffer Irreparable Harm Without Immediate Relief

Plaintiff faces the imminent loss of unique and irreplaceable digital evidence, including emails, documents, and communications necessary to assert federal employment law claims. If the Equipment, including the Laptop, is turned over to Defendant—without neutral preservation—its contents may be deleted, overwritten, or altered, either intentionally or inadvertently. Once spoliated, this evidence cannot be recovered.

### B.  Plaintiff Is Likely to Succeed on the Merits

Plaintiff has asserted viable claims for declaratory relief under the Declaratory Judgment Act (28 U.S.C. §2201) and has provided a good-faith basis for her right to retain access to evidence critical to her federal claims. Defendant's refusal to cooperate and threat of conversion litigation only underscore the legal conflict warranting judicial intervention.

### C.  The Balance of Equities Strongly Favors Plaintiff

Plaintiff seeks only a temporary order to preserve evidence through neutral means. Defendant, by contrast, has refused reasonable, mutual preservation efforts and seeks to coerce Plaintiff through litigation threats. The requested relief ensures fairness to both parties without causing undue burden to Defendant.

### D.  The Public Interest Supports Preserving Evidence and Promoting Due Process

The public has an interest in ensuring that parties to a potential employment discrimination case are able to preserve and access key evidence, and that litigation is not compromised by

threats, coercion, or destruction of data. The requested order supports both judicial integrity and access to justice.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, as per the Proposed Order accompanying her Motion, respectfully requests that this Court:

A. Issue a Temporary Restraining Order, enjoining Defendant, its agents, officers, employees, affiliates, and anyone acting on their behalf, from:

1. Taking possession of the Equipment, including the Laptop; and

2. Initiating any action for conversion or otherwise in respect of the Equipment or Materials.

B. Order the parties to confer within five (5) business days to jointly select a mutually agreeable, neutral information technology forensic expert, subject to approval by the Court, to image and preserve the Equipment's contents. If the parties are unable to agree, each party shall submit the names of two qualified forensic experts to the Court, and the Court shall appoint one forensic expert from among the submissions.

C. Order the parties to follow the Preservation Protocol attached hereto as **Exhibit A**.

D. Schedule an expedited hearing on Plaintiff's motion for preliminary injunction; and

E. Assess all costs of the instant action and the forensic information technology expert upon Defendant, including all of Plaintiff's cost and expenses, and including Plaintiff's reasonable attorneys' fees, and filing fees.

F.  Not require any bond to be posted or other form of security;

G.  Grant Plaintiff such other and further relief as this Court deems just and appropriate.

**RESPECTFULLY SUBMITTED,**

*/s/ Jane Doe*

Jane Doe, *Pro Se*
1221 Bowers Street
P.O. Box 125
Birmingham, Michigan 48012-9998

Dated: Monday, June 30, 2025
Detroit, Michigan

## EXHIBT A

## STIPULATED FORENSIC PRESERVATION PROTOCOL

In accordance with the Court's Order Granting Preliminary Injunction and for purposes of preserving the contents of the Equipment and the Materials, the parties and the appointed neutral, third-party information technology forensic expert ("**Expert**") shall comport with the following protocol:

   A. FORENSIC IMAGING

The Expert shall take custody of the Equipment and create a bit-by-bit forensic image of the entire device, including active files, deleted files, metadata, system logs, and all available partitions. The Expert shall preserve all digital information without alteration and shall log all activities using a chain-of-custody log.

   B. DATA SECURITY

The forensic image shall be stored in an encrypted, secure format, accessible only to the Expert and parties' counsel as directed. The Expert shall not access or review the substance of the files except as required to:

3. Validate the integrity of the image;

4. Identify potential data corruption or duplication; and

5. Execute a search or extraction protocol agreed upon by the parties or ordered by the Court.

C. REPORTING AND DELIVERY

Within 10 days of imaging, the Expert shall provide:

6. Confirmation of completion; and

7. A copy of the forensic image (or access credentials) to each party or designated counsel, unless otherwise ordered.

Any disputes regarding access or privilege shall be resolved by the Court before the Expert discloses any disputed material.

D. COSTS

The costs of the Expert and the forensic preservation process shall be borne by Defendant.

E. LIMITATIONS

This Protocol is for preservation purposes only and does not determine the final ownership or evidentiary use of any of the Materials. Nothing in this Protocol shall be construed to waive any claims of attorney-client privilege, work product, trade secret protection or other intellectual property rights.