UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Jane Doe,** <br> Plaintiff, <br><br> v. <br><br> **John Doe, Incorporated,** <br> Defendant. | Civil Action No.: _____ <br><br> HON. _____ <br><br> **PLAINTIFF'S MOTION TO PROCEED WITH PSEUDONYMS** |

Plaintiff Jane Doe, by and for herself, respectfully moves this Honorable Court for leave for both Plaintiff and Defendant to proceed under pseudonyms in this action, and in support of this Motion states as follows:

## I.  INTRODUCTION

This case involves highly sensitive subject matter and the use of pseudonyms is necessary to preserve the privacy of both parties in matters involving attorney-client communications and in-house attorney work product, including sensitive communications between the parties as to personnel and contracting issues over two years, 2024 and 2025. Plaintiff seeks leave for both herself and Defendant to proceed, for now, under pseudonyms — Jane Doe and John Doe, Incorporated —in all pleadings and filings, at least through the resolution of the threshold issues presented in Plaintiff's initial filings, including the motion related to the preservation and access of information on Equipment, including the Laptop, in Plaintiff's possession.

2 | P a g e

## II.     LEGAL STANDARD

Although parties in federal court are generally required to proceed under their real names, the Sixth Circuit has recognized that pseudonymity may be warranted when justified by compelling circumstances. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). The Court considers whether:

- the party or parties seeking anonymity face(s) a risk of serious harm;

- the litigation involves matters of a highly sensitive and personal nature;

- the parties particularly vulnerable to such harm; and

- the public interest in disclosure is outweighed by the need for privacy.

Courts may also consider whether anonymity serves judicial efficiency and protects legitimate settlement efforts.

## III.    ARGUMENT

### A. Justification for Pseudonymity of Both Parties

There is good cause to permit both parties to proceed anonymously in this matter:

1. The underlying subject matter is of a deeply private and potentially stigmatizing nature, and public disclosure of either party's identity would likely result in reputational, emotional, or professional harm.

2. This case involves highly sensitive subject matter and the use of pseudonyms is necessary to preserve the privacy of both parties in matters involving attorney-client communications and in-house attorney work product, including sensitive communications between the

parties as to personnel and contracting issues over two years, 2024 and 2025.

3. Both parties are actively engaged in confidential efforts to resolve this matter privately, and public exposure at this juncture would likely jeopardize those good-faith negotiations.

4. Plaintiff believes that continuing those negotiations without the disruption of a public proceeding may result in a full and fair out-of-court resolution, thus advancing the interest of judicial efficiency and avoiding unnecessary burden on the Court's docket.

5. Proceeding under pseudonyms at this early stage, particularly while addressing threshold procedural issues (including preservation and access to data on a company-issued laptop), allows the parties to focus on the merits and settlement discussions without prematurely litigating in the public sphere.

6. The pending issue concerning the Equipment and the Materials is essential not only to the prosecution of Plaintiff's claims, should they become necessary, but also to her ability to defend against wrongful or retaliatory allegations raised or threatened by Defendant.

7. Plaintiff is prepared to disclose her identity under seal or in camera to the Court, and requests that Defendant be afforded the same protection for purposes of parity and fairness.

**B. No Prejudice and Public Interest Protected**

Permitting both parties to proceed under pseudonyms:

1. Does not prejudice Defendant, who is similarly protected under this request;
2. Maintains a fair and balanced approach to litigation;
3. Preserves the integrity of the judicial process while supporting the public interest in amicable and efficient resolution of private disputes;

4. Ensures that legitimate, good-faith negotiations can proceed without the undue pressure of media attention or reputational consequences; and

5. Preserves the Court's ability to manage discovery and evidentiary issues in a controlled and equitable manner.

## IV.  RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court issue an Order:

1. Permitting both Plaintiff and Defendant to proceed under the pseudonyms "Jane Doe" and "John Doe, Incorporated", respectively;

2. Authorizing the case to remain styled as *Jane Doe v. John Doe, Incorporated*;

3. Allowing the parties to disclose their true identities to the Court in camera or under seal, if and as directed; and

4. Granting such further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED,**

*/s/ Jane Doe*

Jane Doe, *Pro Se*
1221 Bowers Street
P.O. Box 125
Birmingham, Michigan 48012-9998

Dated:  Monday, June 30, 2025
Detroit, Michigan