UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,   Case No. 25-cv-11987

    Plaintiff,   F. Kay Behm
v.   U.S. District Judge

JOHN DOE, INCORPORATED,

    Defendant.
_____/

## ORDER TO SHOW CAUSE

Plaintiff Jane Doe filed this *pro se* complaint against Defendant "John Doe, Incorporated," on June 30, 2025, and on that same date filed a motion for a temporary restraining order (ECF No. 2). However, while her complaint alleges that this action is "related to" potential causes of action under Title VII, 42 U.S.C. § 1981, and other statutes, ECF No. 1, PageID.1-2, Plaintiff's actual "causes of action" appear to be simply seeking a declaration and injunction preventing spoliation of evidence while she attempts to settle an ongoing dispute over her allegedly unlawful termination by her employer. *Id.* at PageID.2.

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556

1

F.3d 459, 465 (6th Cir. 2009). Federal courts generally may exercise jurisdiction over two types of cases: (1) those that "arise under federal law" ("federal question jurisdiction"), and (2) those in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a). The party asserting jurisdiction bears the burden of pleading and establishing that the court has jurisdiction. *See Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In considering whether a complaint should *sua sponte* be dismissed for lack of subject matter jurisdiction, the court is especially mindful that a *pro se* litigant's complaint is to be construed liberally. *Dekoven v. Bell*, 140 F. Supp. 2d 748, 754 (E.D. Mich. 2001) (citing *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).[1] However, a plaintiff, even proceeding *pro se*, must still "plead factual content that

---

[1] However, Plaintiff alleges that she is a practicing lawyer, so this applies with less force that it would ordinarily. ECF No. 1, PageID.2.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff does not allege that the present action arises under Title VII, § 1981, or other federal laws. She does not allege this action arises out of diversity of citizenship. It is clear, from other filings (ECF No. 2, PageID.15), that she has not actually brought any claims for unlawful termination yet (including in this complaint, though she references her termination), though she may do so if settlement negotiations collapse. Thus while she allegedly has the factual basis to bring claims for unlawful termination, no claims under Title VII, § 1981, or other federal laws are in fact before the court on the face of this complaint. Instead, she appears to be arguing that the Federal Rules of Civil Procedure governing temporary restraining orders (Rule 65(b)) and preservation/spoliation of electronically stored evidence (Rule 37(e)), as well as the Declaratory Judgment Act (28 U.S.C. §2201), alone confer federal question jurisdiction. *See* ECF No. 1, PageID.6-7 (the sole counts, Count I – Declaratory Relief, and Count II – Injunctive Relief, both seek orders only regarding preservation of evidence, and do not allege violations of federal law). But that is not correct; neither the federal rules of civil procedure nor the Declaratory Judgment Act

3

alone confer jurisdiction on this court. *See* Fed. R. Civ. P 82 ("These rules do not extend or limit the jurisdiction of the district courts . . ."); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."); *California v. Texas*, 593 U.S. 659, 672 (2021) ("The Declaratory Judgment Act, 28 U. S. C. §2201, alone does not provide a court with jurisdiction."). There must first be an underlying cause of action, or "a case of actual controversy within [the court's] jurisdiction," in order to declare the rights of the parties or enforce procedural rules. 28 U.S.C. § 2201; *Carpenter v. Leonard*, 791 F.2d 931 (6th Cir. 1986) ("It is well settled that the Declaratory Judgment Act merely provides an additional remedy; it does not confer federal jurisdiction.").

Therefore, the court **ORDERS** Plaintiff to **SHOW CAUSE** within seven days why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. Because the court is not convinced it has jurisdiction over this case, all of Plaintiff's pending motions, including her motion for a temporary restraining order and motion to proceed pseudonymously for both parties, are **HELD IN ABEYANCE** pending resolution of this order.

**SO ORDERED**.

Date: July 2, 2025        <u>s/F. Kay Behm</u>
                          F. Kay Behm
                          United States District Judge