UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN



Plaintiff Jane Doe, *pro se*, respectfully submits this response to the Court's July 2, 2025 Order to Show Cause and respectfully demonstrates that this Court has subject matter jurisdiction over this action.

## I.   BACKGROUND

1.   The instant case presents an emergent federal controversy requiring judicial intervention to prevent the loss of evidence, the Materials on the Equipment, which evidence is essential to Plaintiff's federal civil rights claims. *See generally* Plaintiff's Verified Complaint For Declaratory Judgment and Injunctive Relief (ECF-1) ("Verified Complaint"), pp. 1 (¶3), 4-6 (¶¶10-18); and Plaintiff's Emergency Motion for Temporary Restraining Order and Order Preserving Evidence (ECF-2) ("Plaintiff's TRO Motion"), pp. 2-4 (¶¶3-10). The Materials on the Equipment contain specific categories of electronically stored information critical to Plaintiff's federal claims: (a) files created and owned by Plaintiff; (b) files created by Plaintiff and in which Defendant may have an interest; (c) emails sent and received during the term of Plaintiff's

employment; and meta data associated with the foregoing. *See id*.

2. The Materials are specifically essential to Plaintiff's ability to pursue claims for unlawful termination, discrimination, and/or retaliation, including anticipated administrative proceedings before the U.S. Equal Employment Opportunity Commission (EEOC), the Michigan Department of Civil Rights (MDCR), or both, and the likelihood of subsequent legal proceedings involving claims under Title VII, 42 U.S.C. §1981, or other civil rights statutes.

3. An actual, present and ripe controversy exists regarding evidence essential to federal civil rights proceedings. As alleged in the complaint, "Defendant's threat and refusal to cooperate have created an actual and justiciable controversy over the respective rights of the parties with respect to the Equipment and its contents." Verified Complaint, p. 6 (¶19). This is not a hypothetical dispute but presents an immediate threat requiring federal court intervention to preserve the integrity of federal civil rights claims.

4. This Court has federal question jurisdiction under 28 U.S.C. §1331 based on Plaintiff's substantial federal civil rights claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.[1] The complaint explicitly states that this action concerns "Plaintiff's rights to preserve evidence related to Plaintiff's causes of action against Defendant, including federal civil rights claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, and other applicable statutes." Verified Complaint, p. 1-2 (¶3).

5. In the midst of the parties' duty to preserve evidence in light of Plaintiff's civil rights claims, as noted in the Verified Complaint, Defendant threatened Plaintiff with an action for

---

[1] Attorney Amos N. Jones, Esq., 1150 K Street NW, Suite 902, Washington, D.C. 20005-6809 is Plaintiff's federal employment counsel.

conversion in respect of the Laptop. Verified Complaint, p. 5 (¶15).

6. The evidence preservation dispute is not a standalone state law matter but is fundamentally connected to Plaintiff's federal civil rights claims. The Equipment and Materials at issue are specifically described in the Verified Complaint as "critical evidence relevant to (a) Plaintiff's ongoing severance negotiations and civil rights claims" and necessary for "claims under Title VII, 42 U.S.C. §1981, or other civil rights statutes." Verified Complaint, p. 3-4 (¶¶11-12).

7. The preservation of evidence for federal civil rights claims falls squarely within this Court's authority to protect the integrity of federal proceedings, including through restraining or directing the activities of one or more parties through an order of this Court when the party (or parties) meet the standards espoused in precedent. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566 (6th Cir. 2002); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).

## II. ARGUMENT

**A. The Court's inherent power supplies jurisdiction over pre-litigation preservation**

8. This Court's subject matter jurisdiction over this action arises from this Court's inherent powers to regulate litigation governing, among other things, litigants' duty to preserve evidence prior to the commencement of a legal proceeding. Thus, in this instance, the preservation of evidence for Plaintiff's federal civil rights causes of action, falls squarely within the Court's inherent powers to protect the integrity of potential federal proceedings.

9. The inherent powers of federal courts are recognized as necessary to the exercise of all other judicial functions. It serves to safeguard the integrity of the judicial process and ensure

continued confidence that litigation unearths the truth. Where the availability of evidence directly affects a party's ability to obtain relief or defend against claims, the Court's inherent authority necessarily encompasses jurisdiction to regulate conduct—such as evidence preservation—before formal proceedings begin. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 42-44 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980); *United States v. Hudson*, 11 U.S. 32 (1812) ("Certain implied powers must necessarily result to our courts of justice from the nature of their institution.").

10. A spoliation ruling is evidentiary in nature and federal courts generally apply their own evidentiary rules in both federal question and diversity matters. *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) (*en banc*); *Jones v. Prudential Sec., Inc.*, Case No. 18-11960 (E.D. Mich. Mar 23, 2021) ("Federal law governs spoliation sanctions in all federal court cases."), *Avery v. Taylor*, Case No. 10-10447 (E.D. Mich. Sep 30, 2011), 14 (In citing *Adkins*, the district court noted that "the Sixth Circuit, in an *en banc* decision, joined its sister circuits in ruling that spoliation of evidence issue is governed by federal law and is evidentiary in nature."). Thus, adjudicating this action in a state forum, rather than in the U.S. District Court for the Eastern District of Michigan, could result in the application of evidentiary standards that differ from those applied in federal court—potentially leading to inconsistent treatment of spoliation and other evidentiary issues. *But see Konica Minolta Bus. Sols. v. Lowery Corp.*, Case No. 15-cv-11254 (E.D. Mich. Aug 31, 2016), 3 (Citing *Adkins*, the district court makes clear, "in determining sanctions for spoliation, federal courts apply federal law, which, in this case, is set forth in Rule 37 of the Federal Rules of Civil Procedure.").

**B.  The duty to preserve attaches before litigation and is enforceable by the Court**

11. Parties have a duty to preserve evidence from the moment litigation is reasonably anticipated. This duty may arise before formal litigation commences and requires parties to preserve relevant evidence to future litigation. That duty to preserve is not dependent on the filing of a complaint. Federal courts have consistently recognized and enforced this pre-litigation duty through their inherent authority, including through the imposition of sanctions when a party fails to preserve evidence that is needed during the litigation. *Adkins v. Wolever*, 554 F.3d 650 (6th Cir. 2009). *Accord Silvestri v. Gen. Motors Corp.*, 271 F.3d 583 (4th Cir. 2001).

12. If a federal court may impose sanctions for pre-suit spoliation, it must also necessarily possess the corresponding authority to oversee and regulate the duty to preserve during the pre-litigation period. Jurisdiction exists, therefore, not only to potentially penalize a despoiling party when after-the-fact destruction of evidence occurs but also to take action to prevent spoliation in the first instance.

**C.  Without oversight, pre-litigation spoliation threatens adjudicatory integrity**

13. If courts lacked authority to intervene until after the suit was filed, a party could destroy evidence beforehand with little risk of accountability — especially if the breach went undetected or if sanctions later proved inadequate. This would allow one party to deprive the other of the factual basis necessary to meet legal burdens, leaving the harmed party with no effective remedy. In some cases, the legal standard for post-hoc sanctions may not even be met. By contrast, pre-litigation preservation orders issued using federal courts' inherent authority reduce the likelihood of spoliation, promote fair adjudication, and help ensure that future judicial findings are grounded in a complete and accurate evidentiary record.  This is in the interest of judicial economy.

**D. Judicial experience confirms the need for proactive preservation oversight**

14. Federal courts have repeatedly encountered situations in which electronically stored information was not retained or had been permanently lost. In such cases, parties often assert that recovery is no longer possible by the time the breach is discovered. These instances underscore the fragility of ESI and the importance of judicial authority to proactively oversee preservation. Once data is lost, the damage may be irreversible, and reactive sanctions may be insufficient to redress the harm caused. *See, e.g., Equal Emp't Opportunity Comm'n v. JP Morgan Chase Bank, N.A.*, Case No. 2:09-cv-864 (S.D. Ohio Feb 28, 2013) (The court sanctioned defendant JP Morgan for deletion of data that fell within a routine, three-year purge cycle.); *Equal Emp't Opportunity Comm'n v. Wal-Mart Stores East, LP*, Case No. 5:22-CV-252-FL (E.D.N.C., Western Division) ("Instead, Wal-Mart simply states that '[b]y the time Walmart learned' the email accounts had been deleted, 'it was not possible to recover [them].' (Def.'s 2d Suppl. Objs. & Answers at 6.)"); *Equal Emp't Opportunity Comm'n v. Formel D U.S., Inc.*, 23-11479 (E.D. Mich. Sep 12, 2024) (The court granted remedies in favor of plaintiff EEOC due to defendant Formel's failure to preserve emails, laptops, and cellular telephone data of four custodians.).

### III. CONCLUSION

15. The inherent powers of the federal courts extend to the regulation of pre-litigation preservation duties, because such regulation is essential to the courts' ability to fairly and effectively adjudicate the matters brought before them. The power to sanction pre-suit destruction necessarily implies the power to prevent it. Accordingly, the Court has subject-matter jurisdiction over this matter and should discharge the Order to Show Cause.

16. This case presents a genuine federal question arising from the immediate threat of

irreparable harm to Plaintiff's substantial federal civil rights claims under Title VII and 42 U.S.C. §1981. The specific electronically stored information at risk contains evidence of discriminatory treatment and critical comparator information showing how multiple comparators were treated differently for similar conduct — evidence that is essential to EEOC administrative proceedings and subsequent federal litigation.

17.  Plaintiff continues to respectfully request that this Court grant the relief requested by Plaintiff in Plaintiff's prior filings before this Court. *In the alternative*, should this Court not find that it possesses subject matter jurisdiction over this action based on the filings made by Plaintiff through the date hereof, Plaintiff respectfully requests that this Court allow Plaintiff to file, within 21 calendar days after this Court issues its decision in respect of the Order to Show Cause, an Amended Verified Complaint, which will include, among other pleadings, Plaintiff's causes of action under 42 U.S.C. §1981, rather than the Court dismissing this action.

**RESPECTFULLY SUBMITTED,**

*/s/ Jane Doe*

Jane Doe, *Pro Se*
1221 Bowers Street
P.O. Box 125
Birmingham, Michigan 48012-9998

Dated:  Wednesday, July 9, 2025
Detroit, Michigan

8 | P a g e

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Jane Doe,** <br> Plaintiff, <br><br> v. <br><br> **John Doe, Incorporated,** <br> Defendant. | Civil Action No.: 25-cv-11987 <br><br> **HON. F. KAY BEHM** <br> **U.S. DISTRICT JUDGE** <br><br> **DECLARATION OF JANE DOE UNDER 28 U.S.C. §1746 IN RESPECT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** |

I, Jane Doe, do hereby declare under penalty of perjury under the laws of the United States of America that the statements made in Plaintiff's Response to Order to Show Cause are true and correct.

Signature

*/s/ Jane Doe*

Jane Doe
1221 Bowers Street
P.O. Box 125
Birmingham, Michigan 48012-9998

Dated: Wednesday, July 9, 2025
Detroit, Michigan