UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,

v.

JOHN DOE, INC.,

    Defendant.
_____/

Case No. 25-11987

Hon. F. Kay Behm

**ORDER VACATING ORDER TO SHOW CAUSE
AND PERMITTING PLAINTIFF TO AMEND COMPLAINT**

    The court issued an order to show cause on July 2, 2025, expressing concern that it lacks subject matter jurisdiction over this case. Plaintiff timely responded on July 9, 2025. Therefore, the order to show cause is **VACATED.**

    Plaintiff's complaint outlines a dispute between her and her former employer regarding her retention of the company laptop. Plaintiff seeks the court's intervention to require the preservation of evidence on the computer. Although Plaintiff states that her complaint is related to potential claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, she has not yet articulated those causes of action in the complaint. Rather,

Plaintiff argues that the court's inherent authority provides a jurisdictional basis for this case.

Plaintiff is incorrect. To exercise its "inherent authority," or any authority, the court must first have subject matter jurisdiction. Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

Plaintiff has not provided authority to support the proposition that the court has jurisdiction to "oversee and regulate the duty to preserve [evidence] during the pre-litigation period" when no federal claims have been pleaded. To establish subject matter jurisdiction, Plaintiff must allege either diversity or a federal claim. *See* 28 U.S.C. §§ 1331, 1332. At this time, Plaintiff has done neither.

Plaintiff requests, if the court determines that subject matter jurisdiction is lacking, an opportunity to amend her complaint to assert federal claims. *See* Fed. R. Civ. P. 15. Accordingly, Plaintiff may amend her complaint within twenty-one days of the date of this order. Failure to file an

2

amended complaint will result in this case being dismissed without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**

Dated: July 11, 2025

s/F. Kay Behm
F. Kay Behm
United States District Judge

3